GURDON S. FANNING, Respondent, *v.* D. M. OSBORNE et al., Appellants.

The right to construct and operate a street railway is a franchise which must have its source in the sovereign power.

The legislative power over the subject has this limitation : the franchise must be granted for public not for private purposes, or at least the grant must be based upon public considerations.

The construction and maintenance of a street railway, by any individual or association of individuals, without legislative authority, is a public nuisance and subjects those maintaining it to a private action in favor of any person sustaining special injury therefrom.

The use of a franchise, granted for public purposes, as a mere cover for a private enterprise, is contrary to public policy.

A street railroad corporation, after it had abandoned a portion of its road and ceased to use the same, entered into a contract with O. by the terms of which it granted to him the right to run freight cars over the abandoned portion of its road, " but not so as to interfere with the running of necessary passenger cars " by the corporation, O. covenanting to pay the expenses of laying a new track and of keeping the same in repair. The assignees of O. laid the new track and have since used it exclusively for running freight cars over it, for the purposes of their private business, to the special injury of plaintiff, who owns a lot adjoining the street upon which the track is laid. In an action to restrain such use

of the street, *held*, that the contract furnished no defense, as it was simply an attempt by the railroad company to transfer to an individual, for the purposes of his private business, its franchise as common carrier over a part of its route ; that such use of the street was a nuisance, and the special injury caused thereby to plaintiff authorized the interference of equity in his behalf, and this without regard to the question whether he had a title to or interest in the soil of the street.

As to whether the legislature has power to authorize the construction of a railroad in a street or highway, the fee of which remains in the original owner, as against a purchaser from such owner of a lot abutting on, and by the terms of his deed bounded by the side of the street, without providing for compensation to him, *quære*.

O. was made a party to the action. The wrongful acts charged in the complaint and proved were of those who succeeded to his interests under the contract, and no proof was given of any act done, advised or approved by him. *Held*, that a judgment against him was erroneous.

*Fanning* v. *Osborne* (34 Hun, 121), reversed as to the individual defendant.

(Argued April 26, 1886 ; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial department, entered upon an order made October 31, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 34 Hun, 121.)

This action was brought to restrain defendants from operating a railroad in Garden street, in the city of Auburn.

A railroad track was originally laid in said street by the East Genesee Street and Seward Avenue Railway Company, which was incorporated by chapter 527, Laws of 1871, and was authorized by the common council of said city to lay said track. The use of this portion of its road it however subsequently abandoned. Defendants justified under a contract between defendant, David M. Osborne, and said railroad company, executed May 26, 1873, some time after such abandonment, by which the company agreed to lay a new track, the materials, however, to be furnished and the expense of laying it to be paid by Osborne, who was also to pay all expenses of keeping it in repair. Then followed this clause in the contract :

" *Second.* Upon compliance by the party of the second part (Osborne) with the conditions hereinbefore specified, he and his personal representatives and assigns shall have the right at any and all times (but not so as to interfere with the running

of the necessary passenger cars, and subject to the rules and regulations of the railroad company) to traverse and run upon and along said track with freight cars, loaded or unloaded, such as shall for the time being be used upon such railroad as shall be connected with or run adjacent to such track, and to carry therein such freight as he or they may desire, without payment of any trackage or other charges therefor, or for the right of so doing, other than as above expressed."

The further facts are stated in the opinion.

*Rollin Tracy, H. V. Howland* and *David Wright* for appellants. The court erred in proceeding with the cause without first making the East Genesee Street and Seward Avenue Railway Company a party defendant. (Code, §§ 448, 452.) Plaintiff being merely an abutting owner on Garden street had no right to object to its use by defendants. (*People* v. *Kerr*, 27 N. Y. 188, 191, 204, 213; *Kellinger* v. *Forty-second Street and Grand Street Ferry R. R. Co.*, 50 id. 206; *Mahady* v. *Bushwick R. R. Co.*, 91 id. 148; *Story* v. *Elevated R. R. Co.*, 90 id. 122, 160, 171; *B. & O. R. R. Co.* v. *Fifth Baptist Church*, 11 Am. and Eng. R. R. Cases, 15.) The contract made between the East Genesee Street and Seward Avenue Railway Company, of the first part, and David M. Osborne acting solely for and on behalf of the firm of D. M. Osborne & Co., of the second part, was a good and valid contract. (2 Bl. Com. 37; 2 Kent's Com. 458; *Rogers* v. *Aikin*, 9 Am. and Eng. R. R. Cases, 201; *Lansing* v. *Smith*, 8 Cow. 146, 155.) To maintain an action on the case for a nuisance, the plaintiff must show injury to himself distinct from that which he suffers with the rest of the community. (2 Kent's Com. 340, n. 4; *Seeley* v. *Bishop*, 19 Conn. 128; *Smith* v. *Lockwood*, 13 Barb. 209; *Lansing* v. *Smith*, 8 Cow. 146; affirmed 4 Wend. 9; *Roosevelt* v. *Draper*, 23 id. 318; 1 Sandf. 1.)

*S. E. Payne* for respondent. Plaintiff had a right to the uninterrupted use of the street adjoining his premises for ingress and egress, which right could not be taken without com-

pensation by the railroad company or the State. (*Pratt* v. *Buffalo City R. Co.*, 19 Hun, 30; *White's Bk.* v. *Nichols*, 64 N. Y. 65; *Story* v. *N. Y. El. R. R. Co.*, 90 id. 122; *Mahady* v. *Bushwick R. R. Co.*, 91 id. 148, 153.) This right having never been taken away by constitutional means, the defendants were trespassers. (*Mahady* v. *Bushwick R. R. Co.*, 91 N. Y. 153; *Abbott* v. *Johnstown R. R. Co.*, 80 id. 29, 30; *Woodruff* v. *Erie R. Co.*, 25 Hun, 250.)

ANDREWS, J.  The defendant, D. M. Osborne & Co., a manufacturing corporation, from 1875 to the commencement of this action, maintained and operated a street railroad in the city of Auburn, from a point near the New York Central railroad, and thence through Garden and other streets in said city to its manufacturing establishment on Mechanic street, exclusively for the transportation of machines manufactured by the corporation and for other freighting purposes connected with its business, by means of ordinary freight cars owned by the corporation, which from 1875 to 1879 were drawn by horses and afterward by a dummy engine also provided and owned by it.  The D. M. Osborne & Co. corporation succeeded to the business of the firm of D. M. Osborne & Co. in 1875.  The firm of D. M. Osborne & Co., under a contract entered into between the individual defendant, David M. Osborne, with the East Genesee Street and Seward Avenue railway, a street railway corporation organized in 1871, which contract is dated May 26, 1873, reconstructed the railroad track between the points mentioned and relaid it with T rails, and from 1873 to 1875 the firm used the railroad for the same purposes for which it was subsequently used by the corporation defendant.  It is, upon the evidence, indisputable that the railroad as used from 1873, had no semblance of a public enterprise.  It was the private road of D. M. Osborne & Co. and was not used by them as common carriers of freight or passengers.

The East Genesee Street and Seward Avenue railway in 1871, under its charter (Laws of 1871, chap. 527), having obtained the consent of the local authorities as required by the act, con-

structed its main line, about two miles in length, and also a branch road laid with strap or flat rail on the line now operated by D. M. Osborne & Co. But after a few months it abandoned the use of the branch for the carriage of freight and passengers, and it remained unused until the firm of D. M. Osborne & Co. reconstructed it under the agreement of May 29, 1873. The plaintiff is the owner of premises on Garden street, by deed dated July 21, 1868, which bounds the granted premises on the north by the " south line of Garden street." The plaintiff's title is derived through intermediate grantors from the original owners of great lot 47, which lot includes plaintiff's premises and all of Garden street, with other lands. Garden street has been used as a public highway for more than fifty years. It is described in a deed from one Dill, the original owner of lot 47, dated September 28, 1811, as the " road leading to Jehuel Clark's mill." It is not claimed that the public or the city of Auburn owns the fee of the street. The presumption, in the absence of evidence, is, that the public has acquired an easement only for highway uses in the land embraced in the street, and that the fee remains in the original owner. It is proved by the evidence, and it is found by the trial judge that the use of the railroad through Garden street has greatly obstructed the street, and rendered it unsafe and dangerous for teams and vehicles of the plaintiff and others using the same, and has impaired and injured plaintiff's right and interest in and to the street, and greatly injured his business and depreciated the value of his property. The facts found show a special injury sustained by the plaintiff from the operation of the railroad, which justifies the interference of equity, unless it is made to appear that the defendant corporation has a legal right to maintain a railroad on Garden street for its private convenience.

We deem it unnecessary in this case to determine whether the authority conferred on the East Genesee Street and Seward Avenue Railway Company by its original charter, or by act chapter 444 of the Laws of 1879, amending its charter so as to permit the company to operate the branch road in question by steam power, could be exercised by the company itself,

except upon the condition of making compensation to the owners of property abutting on the street for any injury thereto. The act does not require compensation to be made, and the determination of that question would require an examination of the power of the legislature to authorize the construction of a horse or steam surface street railroad in a street or highway, the fee of which remained in the original owner, as against a pur- chaser from such owner of a lot abutting on the street or high- way, and whose premises by the terms of his deed are bounded thereon. The case of *Williams* v. *N. Y. Cent. R. R. Co* (16 N. Y. 97), established the principle that a dedication of land for street purposes does not authorize the legislature to permit the construction of a steam railroad thereon, without making compensation to the owner of the fee, on the ground that such use imposes a burden upon the land, not contemplated by the original dedication. The plaintiff is not the owner of the fee of Garden street in front of his premises. But it is claimed that he acquired by his conveyance from Dill a private ease- ment therein, superadded to his right in common with the public, to the use of the street, which private easement, it is insisted, is a property right which is invaded by the construc- tion and maintenance of a railroad in the street, and that the franchise to maintain and operate a railroad thereon, could not be granted, except on the condition of making compensation. It may be true that the plaintiff acquired by his conveyance, as against his remote grantor, the owner of the fee, a right of way appurtenant to his lot, over the land embraced in Garden street, which would survive the discontinuance of Garden street as a public highway. Whether, assuming this to be so, the con- struction and operation of a street railroad in the street, would be a taking of the plaintiff's property, for which, under the Constitution, he would be entitled to compensation, or whether he stands in the shoes of his grantor, Dill, and may insist that such a use of the street is not within the purpose of the original dedication, are questions which it is unnecessary in this case to determine for reasons which will now be stated.

The right to construct and operate a street railway is a franchise which must have its source in the sovereign power. The legislative power over the subject is also subject to the limitation that the franchise must be granted for public, and not for private purposes, or at least public considerations must enter into every valid grant of a right to appropriate a public street for railroad uses. The construction and maintenance of a street railway by any individual, or association of individuals, without legislative authority, would constitute a public nuisance, and subject the persons maintaining it, not only to indictment, but also to a private action in favor of any person sustaining special injury. It is not pretended that D. M. Osborne & Co. is a railroad corporation, or that it is operating the railroad in question under any specific legislative authority. It bases its right solely on the contract of May 26, 1873, between D. M. Osborne and the East Genesee Street and Seward Avenue Railway Company, and upon the claim that it has succeeded to the rights of D. M. Osborne thereunder. We are of opinion that the contract furnishes no defense to this action. It was a scarcely undisguised attempt by the railroad company to transfer to an individual, or to the firm for which he was acting, its franchise as common carrier, over the part of its route specified in the contract, with a view and for the purpose of enabling the grantee to operate the road thereon, as private property, and exclusively for the purposes of his private business. It is true that the contract does not purport in terms to vest in D. M. Osborne an exclusive right to use the branch. It provides that the right granted shall be exercised so as not to interfere with the running of necessary passenger cars, and in one of its clauses, recognizes a continuing right in the company to run freight cars on the track. But in fact, the company, before the contract was made, had abandoned the use of this part of its road, and has never since used it, but it has been exclusively used and appropriated for the business of D. M. Osborne & Co. By the terms of the contract the grantee was exempted from the payment to the railroad company of any charge for trackage or other compensation

for the use of the road.   The firm of D. M. Osborne & Co. reconstructed the road, and relaid the track with heavy rail, and since the date of the contract up to 1875, it paid the whole expense of maintenance, and since that year the expense has been borne by the corporation defendant.   The facts show that the railroad company prior to May 26, 1873, ceased to operate the branch, and that since that time, it has been operated as the private road, *first*, of the firm of D. M. Osborne & Co., and afterward, of the corporation of D. M. Osborne & Co., under color of a contract with the railroad company.   We think the contract was void as against public policy, and assuming that the corporation defendant has succeeded to all the rights of D. M. Osborne, or the firm of D. M. Osborne & Co., nevertheless the contract constitutes no defense to the action.   It is plainly contrary to public policy that a franchise granted for public purposes should be used as a mere cover for a private enterprise.   The defendant corporation is in the situation of assuming to maintain and operate a street railroad without legal authority, to the injury of the plaintiff, and the judgment below, enjoining and restraining such use, was proper.

The point that the East Genesee Street and Seward Avenue Railway Company is a necessary party is not well founded. That company has no interest in this litigation.   Its rights, if any, are not affected by the judgment.   It was divested of its franchise and property, except as to the branch in question, by a sale under foreclosure in 1880, on its insolvency, and as to its naked franchise to operate the branch, which seems not to have been embraced in the purchase, its use was abandoned prior to 1873.

The exception taken by the individual defendant, David M. Osborne, to the judgment against him seems unanswerable. The wrong charged in the complaint is confined to the acts of the defendants since April 29, 1875, the date of the incorporation of D. M. Osborne & Co.   It is averred in general terms that the defendants wrongfully maintained the road, etc.   There is no proof showing any act done by the individual defendant since that time.   It appears that he was president of the cor-

poration of D. M. Osborne & Co., but it is not shown that he advised or approved, either in his individual capacity or as trustee, of the acts of the corporation. The point that he was not shown to have personally intermeddled in the matter, was specifically taken, and, upon the case as presented, we think the judgment against him individually is erroneous.

The judgment should, therefore, be reversed as to him and affirmed as to the corporation.

All concur.

Judgment accordingly.