STREET RAILROADS—RIGHT TO LAY TRACKS—INTERFERENCE WITH OTHER ROADS.
　　Plaintiff owns a street-surface railroad crossing West street, in the city of New York, extending along Christopher street, and terminating at Christopher Street Ferry. The defendant company operates a road along West street, and claims the right at the junction of West street and Christopher street to construct a spur, so as to connect its tracks with the ferry at the foot of Christopher street, thus paralleling for some 250 feet the tracks of the plaintiff company for many years constructed and in operation. The defendant has obtained a license from the dock department for its proposed construction, and also claims to justify the same as being a necessary siding, turnout, or connection within the grant of the Belt Line charter, which defendant company has absorbed, and upon the basis of which defendant company is proceeding. Plaintiff brings suit for a permanent injunction against this construction, and moves for an injunction pendente lite. Upon argument of this motion, it was stipulated that the decision of the court should operate as a judgment upon the merits in favor of the party for whom the same might be rendered. *Held*, that the action of the defendant would constitute a public nuisance, as well as an invasion of plaintiff's private right; that, under section 102 of the railroad law, the defendant cannot construct a railroad in the same street where the tracks of the plaintiff are located without obtaining its consent; that sections 90–110 of the railroad law likewise forbid such construction; that the proposed construction of the defendant company would not constitute a mere adjunct and accessory of its authorized line; that the defendant could derive no authority for its proposed construction from the department of docks; and that the plaintiff is entitled to judgment, with costs.

(Syllabus by the Court.)

Action by the Central Crosstown Railroad Company against the Metropolitan Street-Railway Company for an injunction.  Judgment for plaintiff.

George Hoadly and Merrill & Rogers, for plaintiff.
Elihu Root and S. B. Clarke, for defendant.

PRYOR, J.  The adjudication in the Forty-Second St. & G. S. Ferry R. Co. v. Thirty-Fourth St. R. Co., 52 N. Y. Super. Ct. 252, sustains the right of the plaintiff to maintain this action on the ground that the diversion of traffic by a competing line is a special and peculiar injury from the public nuisance of an unauthorized railroad in a highway.  Fanning v. Osborne, 102 N. Y. 441, 7 N. E. 307; Hussner v. Railroad Co., 114 N. Y. 433, 21 N. E. 1002; Flynn v. Taylor, 127 N. Y. 596, 28 N. E. 418.  Indeed, the exclusive occupancy of the highway between West street and the Hoboken ferry house, accorded to plaintiff by section 102 of article 4 of the railroad law (White, Corp. 315), involves, by necessary implication, a remedy to vindicate the right.  A public nuisance is an infringement of a public right; but here is an invasion as well of plaintiff's private right, and "ubi jus, ibi remedium."  Like v. McKinstry, 41 Barb. 186, 188.  The conclusion, however, proceeds on the assumption that the plaintiff's railroad is rightfully upon the space between West street and the

ferry house. Of the validity of the proposition there can be no question. The franchise of plaintiff's predecessor in title authorized the construction of a surface railroad "to the Christopher Street Ferry." In Christopher St., etc., R. Co. v. Central, etc., R. Co.,[1] Mr. Justice Van Brunt held expressly that this plaintiff "has a right to continue its line on tracks * * * upon and across the said West street, and the space between the old and the new bulkhead lines at the foot of Christopher street to its terminus at the ferry house." And in People v. Central, etc., R. Co.,[1] the same learned judge again declared that the legislature did in terms and in fact authorize the building and operating of plaintiff's railroad "to the bulkhead line at the North river, at the foot of Christopher street, wherever the said bulkhead line might be." Indeed, plaintiff's railroad, being a line of transportation from the East to the North river, possesses, from the very object and use of the enterprise, a right to convey passengers to the ferry house at each terminus. Being, therefore, lawfully in occupancy of the space in question, the controversy is whether the defendant be privileged to encroach with its railroad upon the same locality.

By the section of the railroad law above cited, it is provided that "no street surface railroad corporation shall construct, extend or operate its road or tracks in that portion of any street, avenue, road or highway in which a street surface railroad is or shall be lawfully constructed * * * without first obtaining the consent of the corporation owning and maintaining the same." Forty-Second St. & G. S. Ferry R. Co. v. Thirty-Fourth St. R. Co., 52 N. Y. Super. Ct. 252; In re Thirty-Fourth St. R. Co., 102 N. Y. 343, 7 N. E. 172. That the space in question is a street and public highway is conclusively settled by authority. Taylor v. Insurance Co., 37 N. Y. 275, 283; Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461, 465, 31 N. E. 987. Hence without plaintiff's consent the defendant may not construct or maintain its railroad upon the debatable ground. Forty-Second St. & G. S. Ferry R. Co. v. Thirty-Fourth St. R. Co., supra; In re Thirty-Fourth St. R. Co., supra. Other provisions of the railroad law (art. 4, §§ 90–110) likewise forbid the proposed extension of defendant's road.

Authority for the projected extension defendant professes to find in the franchise of its predecessor, the Central Park, East & North River Company. But that franchise was to maintain and operate a railroad in certain streets, including West, "with the privilege of laying all necessary sidings, turnouts, connections, and switches for the proper working and accommodation of the railroad in the specified streets, and to run over any tracks which might lie along the specified streets." Supposing the restrictions of the railroad law inapplicable to the extension, here certainly is no authority for a divergence and prolongation of defendant's road beyond West street, across the intervening space to the ferry. To call so incongruous and substantial an addition to defendant's railroad a mere adjunct

---

[1] Not reported.

and accessory of its authorized line involves a confusion of ideas and an abuse of language. McAboy's Appeal, 107 Pa. St. 548. As the defendant does not pretend to found the right it claims to exercise upon the license of the dock department, I have no occasion to show (what, indeed, is already apparent) that the defendant can derive from the dock department no authority to construct and operate this railroad across this bulkhead.

Judgment for plaintiff, with costs.