(18 App. Div. 368.)

## TIEDEMANN v. STATEN ISLAND MIDLAND R. CO.

(Supreme Court, Appellate Division, Second Department.   June 22, 1897.)

STREET RAILROADS—CONSENT OF ABUTTING OWNERS.

In determining the proportion of property bounded on a street, the owners of which have given their consent, pursuant to Laws 1890, c. 565, § 91, to the construction of a street surface railroad, not only property which fronts on such street is to be considered, but also all property bounded on such street, though fronting on another, and the manner of description in the assessment roll is of no moment.

Appeal from special term, Kings county.

Suit by Frederick Tiedemann against the Staten Island Midland Railroad Company for a temporary injunction to restrain defendant from constructing a street surface railway.   From an order denying a motion, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John J. Kenny, for appellant.
Albert Reynaud, for respondent.

BRADLEY, J.   The main question requiring consideration is whether or not the defendant had obtained the consent of the owners of one-half in value of the property bounded upon Hyatt street, in the village of New Brighton, to the construction of a street surface railroad on that street, as required by the statute to that effect, and which also provides that the value shall be ascertained and determined by the assessment roll completed last before the consent of the local authorities (also provided for) shall have been given to the like effect. Laws 1890, c. 565, § 91.   The consent of the owners of the property bounded on the north side of the street had been, and that bounded on the south side of the street had not been, given to the construction of the railroad.   The value of the former, as represented by such assessment roll, was $17,400, and of the other was $29,500.   It thus, apparently, seems that the requisite consents of the property owners had not been obtained by the defendant for the purpose in view.   But it is nevertheless insisted on its part that one-half at least in value of the property bounded on the street, within the meaning of the statute, was owned by the persons whose consents were obtained, because the property on the north side of Hyatt street was described in the assessment roll as on the streets bounding the property on the easterly and westerly sides, and known as "St. Mark's Place," on the west, and "Stuyvesant Street," on the east, and because it was made to appear by affidavits presented upon the motion that the lots on the south side of and fronting on Hyatt street, of such property on that side of it, have greater value than the lots fronting on the north side of that street, of the property before mentioned as bounded on the south by the street.   The statements in those affidavits were in reference to the situation as it then appeared, and in view of the location of the two houses on the premises.   This may not always so continue.   The extent of the street boundary of the property on the north side of Hyatt street is greater than that of the property on the south side of

that street. It is unnecessary to inquire whether land bounded upon a street may extend so far back from it that the remote portion may not be deemed included in that so bounded for the purposes in question. Such a suggestion is not applicable to the property on the north side of Hyatt street. As represented by the ownership, it is in two parcels. That on the west, adjacent to Stuyvesant street, is owned by one Norvell; and that on the east, adjacent to St. Mark's place, is owned by the plaintiff. The depth of each of those parcels north from Hyatt street is less than its depth from those other streets, respectively, as represented by the plat in the motion papers. In the common acceptation of the words "property bounded on" a street, it is difficult to see how this owned by Norvell and the plaintiff can be denied that relation to Hyatt street, or how, in that respect, any part of such property can be taken out of the operation of the statute applicable to that relation to such street, for the purpose of the prerequisite condition of consent of the owners to the right of the defendant to proceed to the construction of its railroad there. The manner in which the description is given in the assessment roll is a matter of no moment. Nor is the necessity of procuring consent limited to the street on which the property may front, when it is also bounded on another street, in which the construction of a railroad is proposed. The frontage of premises bounded on two or more streets may not in some places be the same, or so limited for all time in the future as it is or hitherto has been. The statute is applicable to any street in a city or village on which property is bounded. And it is by the statute that authority is given to construct and operate street railroads, and the conditions upon which such right is made dependent must be strictly observed. In re Rochester Electric Ry. Co., 123 N. Y. 351, 358, 25 N. E. 381. The abutting owner has an interest which permits his intervention to prevent the laying of such a railroad in violation of the statute. Fanning v. Osborne, 102 N. Y. 441, 7 N. E. 307.

No other question requires consideration. The order should be reversed and motion granted. All concur.