ing the obstruction to exist would also be for the jury, although from the length of time that the opening had been there the assent of the city could be inferred. These questions should be determined by a jury, and not by the court.

Plaintiff's exceptions should be sustained, and a new trial granted, costs to abide the event. All concur.

---

## MANHATTAN BRIDGE THREE–CENT LINE v. THIRD AVENUE RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)·

**1. STREET RAILROADS (§ 25*)—RIGHT TO USE STREETS.**

The commissioner of bridges of New York City cannot authorize a street railway company to operate a surface railroad over a highway within the boundaries of the city not named, or described in its original certificate of incorporation, nor in any certificate of extension thereof, and for the operation of which it has not obtained a franchise in the manner prescribed by law.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 77, 78; Dec. Dig. § 25.*]

**2. MUNICIPAL CORPORATIONS (§ 691*)—STREETS—NUISANCES—RAILROADS.**

The unauthorized operation of a surface railroad on a public highway is a public nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1492–1508; Dec. Dig. § 691.*]

**3. NUISANCE (§ 72*)—PUBLIC NUISANCE—RIGHTS AND REMEDIES OF PRIVATE PERSONS.**

A nuisance which is common or public in its nature cannot be abated at the suit of a private party, unless such party suffers greater injury from the nuisance than the public generally, and such special injury must be alleged and proved.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 164–169; Dec. Dig. § 72.*]

**4. NUISANCE (§ 72*)—PUBLIC NUISANCE—RIGHTS AND REMEDIES OF PRIVATE PERSONS.**

The competition resulting from the unlawful operation of a street railroad is not such special injury as will authorize another railroad company to maintain a suit to abate it as a nuisance, since the injury to the other company arises from the operation of the road, and not from its unlawful character.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 164–169; Dec. Dig. § 72.*]

Appeal from Special Term, Kings County.

Action by the Manhattan Bridge Three-Cent Line against the Third Avenue Railway Company and others. From an order denying a temporary injunction, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Almet Reed Latson, of New York City (Ward W. Pickard, of New York City, on the brief), for appellant.

Charles L. Woody, of Brooklyn, for respondents Railroad Cos.

William P. Burr, of New York City (William J. Clarke, of New York City, on the brief), for respondent O'Keeffe.

BURR, J.  [1, 2] It is difficult to resist the conclusion that the defendant railroad companies are operating a street surface railroad over a highway within the boundaries of the city of New York, which is neither named nor described in the original certificate of incorporation of either of said companies, nor in any certificate of extension thereof, and that neither of said companies has obtained any franchise therefor in the manner prescribed by law.  If such is the case, the so-called license or consent of the defendant the commissioner of bridges is of no avail (Brooklyn Heights R. R. Co. v. City of Brooklyn, 152 N. Y. 244, 46 N. E. 509; D., L. & W. R. R. Co. v. City of Buffalo, 158 N. Y. 266, 53 N. E. 44; Hatfield v. Straus, 189 N. Y. 208, 82 N. E. 172; Richards v. Citizens' Water Supply Co., 140 App. Div. 206, 125 N. Y. Supp. 116), and their acts constitute a public nuisance (Fanning v. Osborne, 102 N. Y. 441, 7 N. E. 307; Central Crosstown R. R. Co. v. Met. St. Ry. Co., 16 App. Div. 229, 44 N. Y. Supp. 752).

[3] But a nuisance which is common or public in its nature cannot be lawfully abated at a suit in equity of a private individual or corporation, unless such person is a party specially aggrieved; that is, one who has suffered greater injury by reason of defendant's unlawful acts than the public generally (2 Wood on Nuisances [3d Ed.] § 839; Central Crosstown R. R. Co. v. Met. St. Ry. Co., supra; City of Yonkers v. Federal Sugar Refining Co., 136 App. Div. 701, 707, 121 N. Y. Supp. 494), and this must be both alleged and proved (Wood on Nuisances, supra).  Upon this branch of the case we deem the allegations of the complaint, and such evidence as was offered upon the hearing of the motion for an injunction pendente lite, too vague, speculative, and indefinite to justify us in differing with the court at Special Term in the exercise of its discretion to deny such application.

[4] The complaint alleges, first, that the operation of the cars of defendant companies over the Manhattan bridge will come in direct competition with plaintiff's road over the same route; and, second, that this will cause damage to plaintiff in the loss of fares and in delay and inconvenience in the operation of its cars.  So far as the first ground of special damage is concerned, plaintiff has, and can have, no exclusive right to operate its cars over Manhattan bridge.  By the express terms of its franchise, nothing therein contained should be deemed to affect in any way the right of the city to grant to any other corporation or to any individual a similar right or privilege upon the same or other terms and conditions.  If competition is injurious, it will be equally so if it is lawful competition as if it is unlawful.  The gravamen of plaintiff's complaint is that defendants' operation of cars over Manhattan bridge is unlawful.  No special damage, so far as plaintiff's income is concerned, can result from the character of such operation.  Neither is there any satisfactory evidence as to the effect, if any, of competition.  The routes of defendant companies (some portion of which, so far as is here disclosed, are lawful routes) are in their entirety essentially different from that of plaintiff.  In view of that fact, we do not think that it clearly appears that defendants' patrons, if defendants should be restrained from operating cars over the bridge,

would become patrons of plaintiff. Neither is there any satisfactory evidence that plaintiff has been or will be delayed in the operation of its cars. Unless there was a great congestion of cars upon the tracks over the bridge, or unless the cars of defendant companies were operated at a different rate of speed than those of plaintiff, it is difficult to see how such a result could follow. Neither of these facts appear. It must be borne in mind that plaintiff is not the owner of any tangible property upon the bridge, such as tracks, or mechanism for transmitting power. All of these are the property of the city of New York, and in this respect the case differs from Central Crosstown R. R. Co. v. Met. St. Ry. Co., supra. It may be that upon the trial of this action more satisfactory and convincing proof as to special damage will be presented.

For the present and upon this record, we think that the order denying the motion for an injunction pendente lite should be affirmed. All concur.