THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK AND NORTH SHORE TRACTION COMPANY, Relator, *v.* THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, SECOND DISTRICT, Defendant.

Third Department, December 28, 1916.

Constitutional law — public service corporations — street railroads — respective constitutional powers of municipal authorities and Legislature — consent of municipal authorities conditioned upon rate of fare — Public Service Commission — power of Commission to authorize increase of railroad fare notwithstanding municipal restriction.

The Public Service Commission has statutory power not only to decrease the rates of fare charged by a railroad corporation, but also has power to increase the rate of fare.

By virtue of sections 1 and 18 of article 3 of the State Constitution, when read together, the Legislature is prohibited from authorizing the construction or operation of a street railroad except upon condition that the consent of the local authorities be first obtained, while, on the other hand, the local authorities are prohibited from imposing conditions which assume to regulate the rate of fare on such railroads, for the right to regulate fares to be charged by public service corporations is essentially a legislative function.

Hence, where municipal authorities consented to the establishment of a street railroad upon the condition that the railroad company shall not charge more than a certain fare, it has by the condition infringed upon

---

* Now § 980, as added by Laws of 1915, chap. 606. See Laws of 1915, chap. 606, § 3.— [REP.

870    PEOPLE EX REL. N. Y. & N. S. T. Co. *v.* PUB. SERV. COMM.

Third Department, December, 1916.        [Vol. 175.

the powers of the Legislature, and the Public Service Commission has power, nevertheless, to authorize an increase of fare when necessary to yield reasonable compensation for the service rendered to the public.
HOWARD, J., dissented.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of March, 1916, directed to the Public Service Commission, Second District, commanding it to certify and return to the office of the clerk of the county of Albany all and singular its proceedings had in denying the application of the relator for a determination by said Commission as to whether fifteen cents is not a just and reasonable fare to be charged for a continuous trip between Mineola and Port Washington, Nassau county, N. Y.

*James A. MacElhinny,* for the relator.

*Ledyard P. Hale,* for the defendant.

LYON, J.:

In March, 1907, the relator, then bearing the name of the Mineola, Roslyn and Port Washington Traction Company, applied to the board of supervisors of Nassau county, N. Y., and to the board of highway commissioners of the town of North Hempstead in that county, for their consent that said traction company construct, maintain and operate an electric street surface railroad between Mineola and Port Washington, in said county and town. Each of said boards granted such consent upon certain conditions, which said traction company accepted and covenanted and agreed to keep and perform. One of such conditions was that said traction company and its successors should not charge more than ten cents for a continuous trip from Mineola to Port Washington. Concededly, the local authorities in attaching such condition did not act under any authority delegated to them by the Legislature. Following obtaining such consents the relator constructed such railroad and has since maintained and operated the same. In July, 1915, the relator applied, alleging in its petition that a ten-cent fare was insufficient to give a reasonable compensation for the service rendered and was unjust and unreasonable, to the Public Service Commission of the Second District, pursuant to section 49 of the Public Service Commissions Law,

for a determination fixing the just and reasonable maximum fare to be charged between said points.   After hearings duly had the Commission denied such petition, and also denied relator's application for a rehearing, upon the ground that although facts were alleged which if established would be ample to warrant granting the order sought, the Commission was without power without the consent of the local authorities to increase the rate of fare beyond that stipulated in the consent under which the right to construct and operate the railroad was granted.   To review such denial of relator's petition this proceeding has been taken.

Section 1 of article 3 of the Constitution of the State of New York has provided since 1846: "The legislative power of this State shall be vested in the Senate and Assembly."   Section 18 of the same article has provided since January 1, 1875: "No law shall authorize the construction or operation of a street railroad except upon the condition that * * * the consent also of the local authorities having the control of that portion of a street or highway upon which it is proposed to construct or operate such railroad be first obtained * * *."   Section 101 of the Railroad Law (Laws of 1890, chap. 565) as it existed at the time said consent was given, provided: "The Legislature expressly reserves the right to regulate and reduce the rate of fare on any railroad constructed and operated wholly or in part under such chapter or under the provisions of this article."   This section was continued without change as section 181 of the Railroad Law as revised and amended and made chapter 49 of the Consolidated Laws (Laws of 1910, chap. 481), except that there was added thereto the clause: "And the Public Service Commission shall possess the same power, to be exercised as prescribed in the Public Service Commissions Law."

Section 49 of the Public Service Commissions Law, as amended and revised and made chapter 48 of the Consolidated Laws (Laws of 1910, chap. 480, as amd. by Laws of 1911, chap. 546), provides: "Whenever either Commission shall be of opinion, after a hearing had * * *, that * * * the maximum rates, fares or charges, chargeable by any * * * street railroad corporation are insufficient to yield reasonable compensation for the service rendered, and are unjust

872 People ex rel. N. Y. & N. S. T. Co. *v.* Pub. Serv. Comm.

Third Department, December, 1916.    [Vol. 175.

and unreasonable, the Commission shall with due regard among other things to a reasonable average return upon the value of the property actually used in the public service and to the necessity of making reservation out of income for surplus and contingencies, determine the just and reasonable rates, fares and charges to be thereafter observed and in force as the maximum to be charged for the service to be performed, notwithstanding that a higher rate, fare or charge has been heretofore authorized by statute, and shall fix the same by order to be served upon all common carriers, railroad corporations or street railroad corporations by whom such rates, fares and charges are thereafter to be observed." The authority of the Public Service Commission under this section is not confined to decreasing the rates of fare charged by a railroad corporation, but it also has the power to increase the rates of fare. (*People ex rel. Ulster & Delaware R. R. Co.* v. *Public Service Commission*, 171 App. Div. 607; affd., 218 N. Y. 643.)

Manifestly sections 1 and 18 of article 3 of the Constitution must be read together. So read, the Legislature is prohibited from authorizing the construction or operation of a street railroad except upon condition that the consent of the local authorities be first obtained; and the local authorities are prohibited from attaching conditions to the consent which assume to regulate the rate of fare for the reason that the right to regulate fares to be charged by public service corporations is essentially a legislative function. (*People ex rel. Bridge Operating Co.* v. *Public Service Commission*, 153 App. Div. 129.) The general legislative power is absolute and unlimited except as restrained by the Constitution. (*People ex rel. Simon* v. *Bradley*, 207 N. Y. 592.) As well might the Legislature disregard the constitutional rights of the local authorities and itself assume to give the constitutional consent, as the local authorities assume the constitutional rights of the Senate and Assembly to legislate regarding the rates of fare. The constitutional provision regarding giving consent is a restriction upon the Legislature, and the constitutional provision regarding legislating is a restriction upon the local authorities in the matter of attaching conditions fixing rates of fare.

It was held in *Beekman* v. *Third Avenue Railroad Co.* (153

N. Y. 144, 152) that the Legislature in virtue of its general power over municipalities may regulate the mode and manner in which the consent shall be given by the authorities having the control of the street, and may prescribe the conditions upon which it may be given, and that all these matters have been regulated by statute. It was held in *City of New York* v. *Bryan* (196 N. Y. 158, 165): "The consent of the municipal authorities was not the grant of an independent franchise like the deed from the owner where the railroad runs through private property. Not only the franchise to be a corporation, but the franchises granted to a corporation when formed, spring from the State. It is the elementary definition of a franchise that it is a grant from the sovereign power. [3 Kent's Comm. (14th ed.) *458; *Fanning* v. *Osborne*, 102 N. Y. 441.] In *Beekman* v. *Third Ave. R. R. Co.* (153 N. Y. 144, 152) this court said: 'The authority to make use of the public streets of a city for railroad purposes primarily resides in the State, and is a part of the sovereign power, and the right or privilege of constructing and operating railroads in the streets, which for convenience is called a franchise, must always proceed from that source, whatever may be the agencies through which it is conferred.' It is true that since the adoption of the constitutional amendment of 1875, no act of the Legislature can authorize the laying of railroad tracks in the streets without the consent of the local authorities, but that in no way modifies the principle that the grant proceeds from legislative authority. The case is most analogous to that of a trustee who is authorized to convey the corpus of the trust only with the consent of the beneficiary. The consent of the beneficiary is necessary, nevertheless the title acquired by the grantee is that of the trustee and not that of the beneficiary. Therefore the consent of the city was but a step in the grant of a single, indivisible franchise to construct and operate a street railroad."

It was held in *People ex rel. South Shore T. Co.* v. *Willcox* (196 N. Y. 212): "So far as the consent of the municipal authorities to the construction of the proposed line may be limited by conditions which are in conflict with the provisions of the Public Service Commissions Law, it is enough to say that the statute must prevail and such conditions are simply nugatory."

These views lead to the conclusion that the Public Service Commission, without the assent of the local authorities, is vested with power to increase the rate of fare on relator's railroad between Mineola and Port Washington beyond the stipulated rate in case the proofs shall warrant the decision that the present rate of fare is insufficient to yield reasonable compensation for the service rendered, and is unjust and unreasonable.

The determination of the Public Service Commission must be annulled, and the proceeding remitted to it for further action.

All concurred, except HOWARD, J., who dissented.

Determination annulled and proceeding remitted to the Commission for further action.