THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY
OF NEW YORK, Respondent, v. LEWIS NIXON, Constituting
the Public Service Commission of the State of New York
for the First District, and WILLIAM R. BEGG and ARTHUR
C. HUME, as Receivers of MANHATTAN AND QUEENS
TRACTION CORPORATION, Appellants.

First Department, January 23, 1920.

**Street railroads — jurisdiction of Public Service Commission, First
District, to change fare of company prescribed by municipal author-
ities as condition of granting consent for construction and opera-
tion — right of city of New York to maintain application for
alternative writ of prohibition.**

The Public Service Commission of the First District has no jurisdiction to
change the fare of a traction corporation for transporting passengers,
prescribed by the municipal authorities as a condition of granting the
constitutional and statutory consent for the construction and operation of
the railroad, where it appears that the municipal authorities exacted, as
a condition of the granting of the consent of the city, provisions of financial
benefit to the city and other provisions for the benefit of the public.

The city of New York has a sufficient standing and interest to maintain a
proceeding for an alternative writ of prohibition against the Public Service
Commission restraining it from entertaining such jurisdiction and, because
of the unusual and extraordinary circumstances with which the street rail-
roads and the public authorities are confronted, the writ may be granted
without as satisfactory evidence of threatened exercise of power without or
in excess of jurisdiction and lack of other remedy as is ordinarily required.

APPEAL by the defendants, Lewis Nixon, constituting the
Public Service Commission, and others, from an order of the
Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York
on the 14th day of October, 1919, granting the relator's
application for an alternative writ of prohibition.

*Terence Farley* [*Russell B. Burnside* with him on the brief], for
appellant Nixon, constituting the Public Service Commission.

*Watson B. Robinson* of counsel [*Charles A. Frueauff* with
him on the brief; *Frueauff, Robinson & Sloan*, attorneys], for
the appellants Begg and Hume, as receivers.

*Edgar J. Kohler* of counsel [*William P. Burr, Corporation Counsel*], for the respondent.

*Arthur G. Peacock*, representing the New York and Queens County Railway Company, and *James L. Quackenbush* and *Louis S. Carpenter*, representing the Interborough Rapid Transit Company, as *amici curiæ*.

*Bronson Winthrop*, representing Job E. Hedges, as receiver of the New York Railways Company, and *Alfred A. Cook*, representing James R. Sheffield, as Trustee of the Estate of Interborough Consolidated Corporation, *amici curiæ*.

LAUGHLIN, J.:

Most of the points argued on the appeal have been very fully considered in the very able opinion delivered by Mr. Justice FINCH at Special Term (109 Misc. Rep. 7); but in view of the gravity of the decision to be made and of the great public importance of having the question as to whether the Public Service Commission has the power to change the fare of the appellant traction corporation for transporting passengers, prescribed by the municipal authorities as a condition of granting the constitutional and statutory consent for the construction and operation of the railroad, speedily and authoritatively decided, we deem it proper to state briefly and pointedly why the Public Service Commission has not such jurisdiction, and that the unusual and extraordinary circumstances with which the street railroads and the public authorities are confronted present an exceptional case and warrant granting the writ without as satisfactory evidence of threatened exercise of power without or in excess of jurisdiction and of lack of other remedy as is ordinarily required.

The first point is with respect to the standing of the city to maintain the proceeding and whether it will lie. The municipal consent was granted for the city by the board of estimate and apportionment on the 15th day of July, 1912, and approved by the mayor July 16, 1912, and was embodied in a formal contract between the city and the South Shore Traction Corporation — the assignor of the company represented by the receivers — bearing date October 29, 1912. The contract provided that the consent of the city was given

subject to the conditions and provisions therein set forth. By subdivision " first " of section 5, the city, as a condition of granting the consent, exacted payments of specified percentages of the gross receipts of the company annually, with a provision for the payment of a fixed minimum sum each year; and by subdivision " fifth " of the same section, it was provided that the consent of the city was granted upon the condition that the company should not charge any passenger a greater rate of fare than five cents for one continuous ride from any point on the railway, or on a line or branch operated in connection therewith, to any other point thereon or on any connecting line or branch thereof within the limits of the city, and that the rate of fare upon local bridge cars, or on through cars entitling passengers to ride once across the bridge, should not exceed three cents for the bridge transportation, and that the company should sell bridge tickets at the rate of not more than three cents for one, and five cents for two, and should carry free all members of the police and fire departments when in full uniform. Subdivision " thirteenth " of section 5 provides for a forfeiture for any violation or breach or failure to comply with any of the provisions of the grant or contract. It thus appears that the municipal authorities exacted, as a condition of the granting of the consent of the city, provisions of financial benefit to the city and other provisions for the benefit of the public. In *Matter of Quinby* v. *Public Service Comm.* (223 N. Y. 244; 227 id. 601) the Court of Appeals sustained, on the application of the comptroller of the city of Rochester, representing the city, a like writ to prohibit the exercise of jurisdiction by the Public Service Commission to increase a rate of fare prescribed in the consent of the city for the construction and operation of a street railway; and the opinions show that the application was regarded as having been made in behalf of the city. Moreover, the city of New York was allowed to intervene in that proceeding. If the Commissioner were permitted to proceed with the hearing and should decide to grant the application, the order for the increased rate of fare might become effective as soon as made, and there could not be any stay of proceedings thereon until after notice of the application and a hearing and finding by the court " that

great and irreparable damage would otherwise result to the petitioner and specifying the nature of the damage." (Public Service Commissions Law, § 23, subd. 2, as amd. by Laws of 1914, chap. 240.) Of course, if the Commissioner should grant the application, his action could be reviewed by certiorari, but the hearing before him may involve the taking of considerable evidence and the result might be that the public, perhaps unlawfully, would have to pay an increased fare in the meantime. It does not appear that the Commissioner has decided to change the rate of fare, nor has it been shown that it is probable that he will assume to change it; but, nevertheless, the court may in its discretion issue the writ if he has assumed jurisdiction of a subject-matter over which he is without jurisdiction. (*Matter of Quinby* v. *Public Service Comm.*, 223 N. Y. 244, 254.) That he has entertained an application of the receivers solely for an increase of the rate of fare, and is assuming jurisdiction to hear and decide whether the rate of fare should be increased, clearly appears. On the 2d of September, 1919, the receivers of the appellant traction corporation, by petition entitled " In the Matter of the Application of William R. Begg and Arthur C. Hume, as Receivers of Manhattan and Queens Traction Corporation, for an order under Section 49 of the Public Service Commissions Law, increasing the rate of fare," applied to the Commissioner for an order permitting them to put in force two fare zones, one a five-cent fare zone and the other an eight-cent fare zone. The Commissioner received and filed the petition and the next day wrote a letter to the mayor, transmitting a copy of the petition and stating that it was sent for the information of the board of estimate and apportionment and that " the usual public hearing will be ordered as a basis for action." On the fifth of September he made a formal order for a hearing on the application at the hearing room of the Commission on the 9th of September, 1919, " to the end that the Commission may take such action in the premises as the facts shall justify," and the order provided that notice of the hearing be given to the applicant and to the city of New York by service of a certified copy of the order personally or by mail. The Commissioner had previously and on the 28th of August, 1919, entertained and granted a like application on analogous facts with respect

to the rate of fare having been fixed in the municipal consent, made by the New York and North Shore Traction Company. That action was doubtless taken on the authority of *People ex rel. New York & N. S. T. Co.* v. *Public Service Comm.* (175 App. Div. 869), but that decision must be deemed to have been overruled by *Matter of Quinby* v. *Public Service Comm.* (*supra*). The Commissioner in his affidavit in opposition to the motion, while denying that he has threatened or intends to abrogate the contract between the city and the traction corporation fixing a five-cent fare, does not concede that he is without jurisdiction to change the rate of fare, nor does he deny that he will assume to change the rate of fare provided the facts developed on the hearing warrant such action. An attempt is made by the Commissioner in his affidavit to sustain his jurisdiction over the proceeding, which has been instituted and is pending before him, by virtue of the provisions of section 45, subdivision 2, of the Public Service Commissions Law, which gives the Commission general supervision over street railroad corporations and power to examine them and to keep informed with respect, among other things, to their financial condition; but the proceeding which he has entertained is not for that purpose. It is pointedly directed to the provisions of section 49 of the Public Service Commissions Law (as amd. by Laws of 1911, chap. 546), authorizing the Commission to change the rate of fare; and unless the Commission intends to decide whether there shall be a change of rate of fare, the hearing will be wholly irrelevant and immaterial to the application upon which it has been ordered. It thus clearly appears that the Commissioner has *entertained* jurisdiction of a proceeding, the sole object of which is to determine whether or not the rate of fare by which the traction corporation is now limited shall be changed and increased. If the Commission has not jurisdiction to entertain, hear and grant such an application, then it should not be permitted to make the city a party thereto, as has been done, and to proceed with the hearing as has been proposed. In so deciding, however, we intend no criticism of the Commissioner, and we express no opinion as to whether the traction corporation should be relieved from the provision of the grant in question or should be held

thereto. Those are questions for the board of estimate and apportionment and perhaps for the Legislature to decide. The Legislature has not attempted to confer upon the Public Service Commission any greater authority with respect to changing such rates of fare than had been conferred when *Matter of Quinby* v. *Public Service Comm. (supra)* was decided, and that decision has since been reaffirmed in *People ex rel. Village of South Glens Falls* v. *Public Service Comm.* (225 N. Y. 216) and *Matter of International Railway Co.* v. *Public Service Comm.* (226 id. 474). In the *Quinby* case the Court of Appeals plainly held that the jurisdiction of the Public Service Commission with respect to a change in the rate of fare to be charged by a street railway company was confined to cases in which the fare had been fixed by the Legislature itself, and did not extend to fares prescribed by the municipality as a condition of granting its constitutional and statutory consent to the construction, operation and maintenance of the railroad. In *Matter of International Railway Co.* v. *Public Service Comm. (supra)* it was held that the Legislature or Public Service Commission could change the rate of fare where the municipal consent was given subject to such right, or was subsequently modified by making it subject thereto, and the court expressed the opinion that, notwithstanding the fact that the rate of fare is thus prescribed in the grant of the city, the Legislature has the power to change the *rate,* but refrained from expressing an opinion as to whether it could deprive the city of its reserved right to declare the grant forfeited for charging a greater rate than that prescribed in the municipal consent where such consent is not given subject to the right of the Legislature to change it and where the city does not consent to the change. It is important that it should be known without delay and while the Legislature is in session whether it is competent for the Legislature to authorize, or to delegate the power to authorize an increase of fare in such cases, and whether that can be done without jeopardizing the grant. Doubtless the Legislature would welcome and be guided by an expression of opinion by the court on these questions, and with all parties or classes of parties in interest represented, that might properly be done; but in view of the fact that the Court of Appeals has left the

points open, we should leave it to that court, in reviewing our order, to say whether an opinion should be more definitely expressed on these points, and then it will either rest with the board of estimate and apportionment exclusively, or with it and the Legislature, for such action as it or they may see fit to take in the premises, and all parties in interest will know what confronts them.

I am of opinion, therefore, that the city has a sufficient standing and interest to maintain this proceeding; that, in the circumstances, the application for the writ was properly entertained; and it appearing that the Commission had entertained and is proceeding with an application for a change of rate of fare, and that it is wholly without jurisdiction over the subject-matter of the application, the order for the writ was properly issued and should be affirmed, with ten dollars costs and disbursements.

DOWLING, PAGE, MERRELL and PHILBIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.